Rose, J.,
concurring in part and dissenting in part:
I concur with the majority’s conclusion, except that I do not believe that there was clear and convincing evidence produced to support the allegations made in Count VII, concerning the ex parte communications in Lovell’s office. The record indicates that during Mr. Pitaro’s cross-examination of Woolf, he specifically asked Woolf whether the communication in Lovell’s office as alleged in Count VII was an improper ex parte communication. Woolf responded negatively and explained that nothing about the case was discussed other than the fact that McLaughlin was a defendant in front of Judge Mosley. Thus it appears that, although Judge Mosley did engage in communications with McLaughlin and Woolf absent the presence of, or notification to, the State, the communications at Lovell’s office did not pertain to the merits of McLaughlin’s pending criminal proceeding. The Commission was presented with no testimony to show that the merits of McLaughlin’s case were discussed during the communications at Lovell’s office. To the contrary, other than Woolf’s mention of the procedural posture of McLaughlin’s case, it appears that Judge Mosley’s communications with McLaughlin and Woolf were limited to the subject of Terry Figliuzzi’s parenting of Michael, and these communications did not affect the substance or merits of the State’s prosecution of McLaughlin.[1] While Judge Mosley may have been using his position as a judge presiding over McLaughlin’s case to obtain favorable evidence in his custody case with Terry Figliuzzi, that is not the charge brought against him. Therefore, I conclude that there was by definition no violation of the ban on ex parte contacts concerning a pending or impending proceeding, and Judge Mosley did not violate NCJC Canon 3(B)(7) as regards Count VII.

See Matter of Varain, 114 Nev. 1271, 1277, 969 P.2d 305, 309 (1998) (observing that the judge’s brief communication with the defendant did not affect the substance or merits of the State’s prosecution).